| DAISY ELLIS, LINDSEY | * | NO. 2024-CA-0721 |
| DUBOSE, AND SAMANTHA | | |
| MAZA | * | COURT OF APPEAL |
| | | |
| VERSUS | * | FOURTH CIRCUIT |
| | | |
| RICHARD M. IRELAND, JR | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

JCL   **LOBRANO, J., CONCURS**

      I concur fully in the opinion and result reached by the majority and write separately to underscore the importance of safeguarding tenant rights in the wake of natural disasters such as Hurricane Ida. The property subject to the lease agreement was rendered uninhabitable by Hurricane Ida, a single, indisputable cause. Regardless of the landlord's response, the photographs and testimony established extensive roof damage, water intrusion, and mold contamination that made the residence unsafe for continued occupancy. Under La. C.C. art. 2715, the tenants were clearly within their rights to terminate the lease.

      I further note the importance of preserving the tenants' access to attorney's costs in disaster cases. The district court's decision to reserve that issue for further proceedings is both sound and consistent with the lease provisions and La. R.S. 9:3252. Tenants displaced by catastrophe often face legal and financial uncertainty, and the ability to recover legal fees is an essential component of ensuring access to justice and meaningful enforcement of tenant protections. Disaster victims navigating unstable housing and legal uncertainty should not bear the additional burden of unreimbursed legal costs when prevailing against a landlord's failure to meet statutory obligations.

1

The majority opinion correctly affirms a legal framework that promotes fairness and accountability in the face of disaster, ensuring that those who act in good faith are not penalized for seeking safe and habitable housing.